IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD CLARK and MICHAEL SIMS on behalf of themselves, those similarly situated and the general public,

    Plaintiffs,

  v.

PERFECT BAR, LLC,

    Defendant.

No. C 18-06006 WHA

**ORDER GRANTING MOTION TO DISMISS**

Plaintiffs Howard Clark and Michael Sims brought this putative class action involving product-labeling claims against defendant Perfect Bar, LLC. Perfect Bar moves to dismiss pursuant to FRCP 12(b)(6). Defendant Perfect Bar, LLC, at all material times in question, remained in compliance with all sugar-disclosure regulations. It is true that the bars contained honey and thus sugar, but that was disclosed on the packaging as well as the amount of sugar. Plaintiffs' grievance is that the packaging led them to believe that the bars would be "healthy" when, in supposed point of fact, the added sugar rendered them unhealthy or, in the alternative, less healthy from what they otherwise had believed. This is untenable. The actual ingredients were fully disclosed. Reasonable purchasers could decide for themselves how healthy or not the sugar content would be. No consumer, on notice of the actual ingredients described on the packing including honey and sugar, could reasonably overestimate the health benefits of the bar

merely because the packaging elsewhere refers to it as a health bar and describes its recipe as having been handed down from a health-nut parent.  The honey/sugar content was properly disclosed — that is the end of it — period.  The argument in the alternative that plaintiffs would have paid less had they known that the health benefits had been overstated is like saying a sports car wasn't sporty enough so please give a partial refund.

As to the misrepresentation-based consumer protection claims predicated on alleged failure to disclose fat content and misleading protein content claim violations, plaintiffs lack standing.  The whole theory of their case rests on the accusation that the health and wellness statements on the packaging was deceptive because high sugar content — not fat or protein — made the products inherently unhealthy.  This order adopts the arguments made by defendant.  Perfect Bar's motion to dismiss is **GRANTED**.  Leave to amend will not be allowed.  Judgment will follow.  This case may now proceed to the court of appeals.

**IT IS SO ORDERED.**

Dated:  December 21, 2018.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE