**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

Howard Clark, et al,          )
                              )
          Plaintiffs,         )
                              )
  VS.                         )     **NO. C 18-6006 WHA**
                              )
Perfect Bar, LLC,             )
                              )
          Defendant.          )
_____)

San Francisco, California
Thursday, December 20, 2018

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:      The Law Office of Paul K. Joseph, P.C.
                     4125 West Point Loma Blvd., No 309
                     San Diego, CA    92110

              **BY:  PAUL K. JOSEPH, ESQ.**


For Defendant:       BraunHagey & Borden, LLP
                     351 California Street, 10th Floor
                     San Francisco, CA    94104

              **BY:  MATTHEW BORDEN, ESQ**
                     **AMIT RANA, ESQ.**



Reported By:         Vicki Eastvold, RMR, CRR
                     Official Reporter

| | |
|---|---|
| 1 | **Thursday - December 20, 2018**                              **8:13 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE COURT:** Now we go to the Perfect Bar. |
| 5 | **THE CLERK:** Calling civil case number 18-6006, Howard |
| 6 | Clark versus Perfect Bar. |
| 7 | Will counsel please step forward and state your |
| 8 | appearances for the record. |
| 9 | **MR. JOSEPH:** Good morning, Your Honor. Paul Joseph on |
| 10 | behalf of the plaintiffs. |
| 11 | **MR. BORDEN:** Good morning, Your Honor. Matt Borden on |
| 12 | behalf of defendant Perfect Bar. And with me is my colleague |
| 13 | Amit Rana. |
| 14 | **THE COURT:** Welcome to everybody. This is your |
| 15 | motion. |
| 16 | **MR. BORDEN:** Yes, Your Honor. |
| 17 | **THE COURT:** All right. Go ahead. |
| 18 | **MR. BORDEN:** My client makes a protein bar that is |
| 19 | made from organic nut butter, some superfoods that are ground |
| 20 | into it, and honey. |
| 21 | **THE COURT:** You need to use the microphone. People |
| 22 | can't hear you. |
| 23 | **MR. BORDEN:** Aw, sorry. They're being sued for making |
| 24 | statements that people believe -- I mean, the plaintiffs don't |
| 25 | even allege are false. The statements are 17 grams of protein, |

```
 1  which the --
 2          THE COURT:  Let me ask a question.  You're not making
 3  sense to me.  Does the packaging -- let me rephrase it not in
 4  the present tense.
 5      With respect to the bars in question, was the packaging in
 6  full compliance with regulations with respect to listing what
 7  the ingredients are and how much?
 8          MR. BORDEN:  Yes, Your Honor.
 9          THE COURT:  Is that correct?  Seems to me it is
10  correct, but I want to make sure the plaintiff agrees it's
11  correct.
12          MR. JOSEPH:  With respect to listing the ingredients,
13  yes, Your Honor.
14          THE COURT:  All right.  So how can there possibly be
15  anything wrong with this bar?
16          MR. JOSEPH:  Your Honor --
17          THE COURT:  Just calling -- listen.  You say it's like
18  -- it's not as healthy as you thought it would be.  That's like
19  buying a sports car and saying it wasn't as sporty as you
20  thought it would be, so give me a refund.  A partial refund.
21  Instead of paying 50,000, I want to pay 45.
22      That's what it comes down to.  To me, it doesn't make
23  sense.  So I want to give you a chance to -- what am I missing
24  in your story?
25          MR. JOSEPH:  Your Honor, plaintiffs challenge three
```

1  separate claims as being false and misleading in the sense that
2  they convey a health and wellness message.
3           **THE COURT:**  All right.  Give me your best shot.  Give
4  me your best one.
5           **MR. JOSEPH:**  Well, Your Honor, I don't think you can
6  look at them individually.  I think you need to look at them in
7  the context of the label as a whole.
8           **THE COURT:**  Give them to me in context.
9           **MR. JOSEPH:**  So first the label prominently at the top
10 of the product, the claim "20+ superfoods."
11          **THE COURT:**  What?
12          **MR. JOSEPH:**  They label the product with the claim
13 "20+ superfoods."
14          **THE COURT:**  Somebody got one of these packages I can
15 look at?
16          **MR. JOSEPH:**  I do, Your Honor.
17          **THE COURT:**  All right.  She's handed me a thing that
18 says "Perfect."  Looks like a standard --
19      So where is the language on here that's so bad?
20          **MR. JOSEPH:**  At the very top it says "20+ superfoods."
21          **THE COURT:**  I see that.  20+ superfoods.  So what?
22          **MR. JOSEPH:**  So the dictionary definition, under the
23 Oxford dictionary for superfood, is a food that's considered to
24 be especially beneficial to health or well-being.
25      When you say that something is a superfood, rather than

1  simply listing the apples and celery and the other foods that
2  they consider to be superfoods, you're inherently
3  characterizing those foods within the bar as being healthy.
4        Thus, there's I think an objectively -- you know, that's
5  an objective -- is a subjective characterization of the health
6  of the product, rather than simply making a truthful statement
7  as to the contents of the claim.  Or, of the product itself.
8        In addition, they label the bar "The Original Refrigerated
9  Protein Bar."  And we've cited consumer research --
10           **THE COURT:**  Where is that on here?
11           **MR. JOSEPH:**  That is again on the very front of the
12  label about three quarters of the way down.
13           **THE COURT:**  It says:  The Original Refrigerated
14  Protein Bar.
15           **MR. JOSEPH:**  Yes, Your Honor.
16           **THE COURT:**  What's misleading about that?
17           **MR. JOSEPH:**  Well, we've cited consumer research that
18  says that calling a product a protein bar, including the term
19  "protein" in the name of the product, contributes to and
20  creates a misleading health halo, which essentially is that --
21  it's basically when you make a claim about a certain attribute
22  of the product, it creates and gives rise to more positive
23  impression of other non-claimed qualities within the product.
24        And this is supported by consumer research.  And they
25  found that specifically including the term "protein" within the

title itself went beyond increasing perceptions of protein contents spilling over to increased perceptions of the overall healthfulness of the product.

I think this consumer research supports that that claim can contribute to the misleading message.

And I think really where the --

**THE COURT:** What is misleading about it? That this is not healthy? What is it that your grievance is about this bar?

**MR. JOSEPH:** Yes, Your Honor. The allegation is that due to the amount of added sugar, which is between 16 and 24 percent of calories, the products are unhealthy. And I want to take you to --

**THE COURT:** Well, it says right here, "organic honey." Is that where the sugar comes from?

**MR. JOSEPH:** Predominantly in that bar, yes.

**THE COURT:** Okay. So organic honey. It's the second ingredient. Then up above there where it breaks down by grams, it says, "sugar, 18 grams."

So how could anybody be misled? If they read this they would know that there was organic honey and sugar inside this bar.

**MR. JOSEPH:** Yes, Your Honor. So there's two things. First, you know, plaintiffs have alleged affirmative misrepresentations. If you give me a chance to get to the Our Story part --

1  **THE COURT:** All right. I read --
2  Read it out loud. Our Family Story. This is kind of like
3  the one on the back of the Clif Bar, which I've read many
4  times.
5  Says: Our dad, Bud Keith, was a health food pioneer
6  before most folks had heard of health food. To help our
7  king-size family eat healthy on the go, he mixed organic nut
8  butter and honey with a superfood blend, took one bite, and
9  proclaimed "It's perfect." And the original Perfect Bar recipe
10 was born. Today, we're combining whole food protein, clean
11 ingredients, and an incredible taste to share Dad's recipe with
12 the world. Perfect Bar, a bar so fresh it belongs in the
13 fridge. Get the whole nutty story at perfectbar.com.
14 What's so bad about that?
15 **MR. JOSEPH:** Your Honor, I think when you tell
16 somebody that a health food pioneer created a health food to
17 help his family eat right, and they made it out of a superfood
18 blend and organic nut butter, that conveys a very clear health
19 message.
20 **THE COURT:** Yeah. Maybe it does. Maybe -- are you
21 saying this is unhealthy?
22 **MR. JOSEPH:** Yes. That is our allegation, Your Honor.
23 We cite dozens --
24 **THE COURT:** Like saying the sports car's not sporty
25 enough. Actually, parts of your complaint says that it's just

1  not healthy enough.  That you overpaid.  You want to keep the
2  bar and eat it, but you want a refund.  Partial refund.  That's
3  what you also allege.
4      **MR. JOSEPH:**  Your Honor, I think there's two things
5  going on.  One, the plausibility of the claim.  And the injury
6  itself is economic in nature, yes.  It is paying a price
7  premium attributable to the misleading challenged claims.
8      **THE COURT:**  Me -- look.  Life is so short.  How can we
9  litigate something like this?  Really.
10     **MR. JOSEPH:**  Your Honor --
11     **THE COURT:**  Ordinary consumers will know good and well
12 there's going to be sugar in here.  They know that sugar --
13 what sugar does for you.  And if they don't, that's their
14 problem.
15     **MR. JOSEPH:**  Your Honor?  If I --
16     **THE COURT:**  Yeah.
17     **MR. JOSEPH:**  First of all, *Williams v Gerber* prevents
18 a court on a motion to dismiss from saying that consumers are
19 obligated to look at the ingredient list or the nutrition facts
20 to correct an affirmative misrepresentation.  We believe that
21 the three misleading claims -- the stories, the name of the
22 product, and the 20+ superfood claims -- constitute an
23 affirmative misrepresentation, and on a motion to dismiss you
24 can't simply say that a --
25     **THE COURT:**  The story itself says they use honey in

1  there.  The very thing you want me to look at says they use
2  honey.
3       **MR. JOSEPH:**  Yes, Your Honor.  And we specifically
4  allege that consumers are unaware of how much sugar is
5  detrimental to their health.
6       And another important aspect is that even though these
7  products disclose the total amount of sugar, they do not
8  disclose the amount of added sugar.  And from the back of that
9  bar, the consumer would not necessarily be able to tell how
10 much sugar --
11      **THE COURT:**  Did the law -- at the time this bar was
12 sold, did the law require the amount of added sugar to be
13 disclosed?
14      **MR. JOSEPH:**  It does not presently.  But the fact that
15 a company makes an affirmative misrepresentation, you know,
16 doesn't -- even though they weren't required to put that on
17 there, they also weren't required to make affirmative
18 misrepresentations.  And they do make --
19      **THE COURT:**  What is the affirmative misrepresentation
20 about added sugar?  Is that the honey?  Is that what you're
21 talking about?  The honey is the added sugar?
22      **MR. JOSEPH:**  Your Honor, there's no misrepresentation
23 as to the added sugar.  It's a misrep --
24      **THE COURT:**  Where is the added sugar coming from?  The
25 honey?

    **MR. JOSEPH:**  It is coming from the honey.

    **THE COURT:**  So they say the honey's in there.  So how can that be -- they're putting honey in the product.

    **MR. JOSEPH:**  Understood, Your Honor.  But that doesn't necessarily -- a reasonable consumer wouldn't necessarily understand from that that the amount of added sugar coming from honey renders the product unhealthy.  It's not that they're making a misrepresentation as to the amount of added sugar.  They're making misrepresentation as to the product being healthy.  Intrinsically healthy.

    **THE COURT:**  That's like saying my sports car wasn't sporty enough.  That you bought a sedan.  You didn't get a sports car.

    **MR. JOSEPH:**  You know, Your --

    **THE COURT:**  Where does it say that there's some --

  Does the FDA have special rules on using the word "health bar"?

    **MR. JOSEPH:**  Your Honor, the FDA does have regulations of the term "healthy"; none that either party necessarily alleges or contends that apply here.  But the FDA regulates the term "healthy" both in health claims and nutrient content claims.  In *Hadley versus Kellogg*, Judge Koh noted that the fact that the FDA regulates the term "healthy" implies that consumers rely on health and wellness messages for purchasing foods.  And, you know, I think that's absolutely true.

```
 1   Consumers do care about their health.  And specifically in the
 2   complaint we allege that consumers are willing to pay more for
 3   foods that they perceive as being healthy.  And we cite --
 4           THE COURT:  On the scale of one to ten, they thought
 5   they were buying a ten most healthy product, and it turns out
 6   it's only a six.  It's somewhat healthy, but not healthy as you
 7   thought.  You get a partial refund.
 8       The law cannot be that ridiculous.  The law just can't be
 9   that ridiculous.  I'm handing your bar back.
10       Okay.  I got to go to my next case.
11       I want to ask you, Mr. Borden.  If I simply say in one
12   line, for the reasons stated by Mr. Borden in his brief, I'm
13   dismissing the case with prejudice, do you stand by everything
14   that's in your brief?
15           MR. BORDEN:  Yes, Your Honor.
16           THE COURT:  All right.  Have a good day.
17           MR. BORDEN:  Thank you, Your Honor.
18           MR. JOSEPH:  Thank you, Your Honor.
19                           ---oOo---
20
21
22
23
24
25
```

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Wednesday, December 26, 2018

_____/s/Vicki Eastvold_____

Vicki Eastvold, RMR, CRR
U.S. Court Reporter